**8**

## McCARTHY et al. v. SCHUMACHER et al.

District Court, S. D. New York.
Dec. 7, 1939.

Hunt, Hill & Betts, of New York City (William Logan, Jr., of New York City, of counsel), for plaintiffs.

Debevoise, Stevenson, Plimpton & Page, of New York City (William E. Stevenson, of New York City, of counsel), for defendant Frank C. Nicodemus.

CONGER, District Judge.

This is a motion for a bill of particulars and the motion papers contain a demand for some 335 items, with respect to which it is stated that particulars should be granted. The defendant contends that he is unable to answer the complaint without these particulars. I have considered the particulars demanded in the light of what would be necessary to answer the complaint.

A great number of the particulars demand data that is obviously evidentiary in character and should not be granted. On the whole, the complaint is complete and the fact that the other two defendants have been able to answer, is some indication that it does not need a great deal of supplementation. I have gone through the papers carefully and, in my opinion, for the purposes of filing an answer, the following particulars should be granted:

(a) Demands numbered 14f, 15f, 16f, 17f, 18f, 22f, 23f, 24f, 25f, 29f, 32f, 33f, 53f, 54f. All of these relate facts and representations which are alleged to have been false and fraudulent, and the particulars request plaintiffs to "State the facts and representations which it is claimed were fraudulent, etc." In view of Rule 9(b), Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which requires that circumstances constituting fraud be stated with particularity, I think that the allegations contained in the complaint to which these particulars are addressed, should be amplified. There are other allegations of fraud, but I think that the particulars with respect to these other averments are sufficiently set forth in the complaint.

(b) Demands numbered 5a, b, c, 7, 32, 35a, 43d, 45a, 47a, 49a, 50a, 55a, b. One of defendant Nicodemus' objections to the complaint is that it does not set forth with sufficient particularity the part which he is alleged to have played in the conspiracy for which plaintiffs seek to recover. The particulars set forth in these items should cure that defect, if it is a defect.

In general, the present motion is part of a practice which the new Rules sought to end. If the present particulars were allowed to any great extent, the result would be that the pleadings will be cluttered up with matters which properly should not be included within them.

Settle order on notice.